UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEUTSCHE BANK NATIONAL TRUST,

        Plaintiff,

vs.

SHORELLE LATIMER,

        Defendant.

_____/

Case No. 08-10231

John Feikens
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**ON SUBJECT MATTER JURISDICTION**

## I. PROCEDURAL HISTORY

On January 15, 2008, Shorelle Latimer ("Latimer") purportedly removed this matter to federal court from the Wayne County Circuit Court. (Dkt. # 1). She applied to proceed in this matter *in forma pauperis*. (Dkt. # 2). On February 1, 2008, District Judge John Feikens referred to the undersigned the *in forma pauperis* application and also the issue of whether this Court has jurisdiction over the matter as removed. (Dkt. # 3). On February 12, 2008, the undersigned entered an order granting the *in forma pauperis* application. (Dkt. # 4). On February 13, 2008, the undersigned entered an order for Latimer to show cause why this matter

1

should not be dismissed or remanded to state court because: (1) it did not appear that Latimer was a party to the state court action; (2) it did not appear that the notice of removal had been filed within 30 days of Latimer's receipt of the initial pleading filed in the state court action; and (3) Latimer's notice of removal did not specify the requisite jurisdictional amount. (Dkt. # 5).

Because defendant's address was improperly recorded in the Court's system, the Order to Show Cause was returned to the Court as undeliverable. (Dkt. # 6). An Amended Order to Show Cause was served on defendant on March 19, 2008, allowing her until April 14, 2008 to respond. (Dkt. 7). Defendant Latimer has not responded to the Amended Order to Show Cause. Thus, this matter is ripe for decision.

## II. ANALYSIS

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir.1998). Under 28 U.S.C. § 1447(c), a district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction. *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). "A defendant desiring to remove a case has the burden of proving the diversity jurisdiction requirements." *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir.1993). Where a case is removed from a state court, the burden of

2

proof for defendant to establish the diversity jurisdiction requirements is "preponderance of the evidence." *Id*. at 158.

Given that Latimer has failed to respond to the Amended Order to Show Cause, the undersigned recommends that the District Court remand this matter to the state court for want of subject matter jurisdiction based on the following presumed defects:

1. In order to properly remove a civil action from state court to federal court the removal must be effected by a defendant in the state court proceeding. 28 U.S.C. § 1446(a). From the face of the state court pleading that is the apparent subject of this removal attempt, Latimer is not a defendant in that state court action.

2. The notice of removal must be filed in the district court within thirty days after receipt by the defendant of the initial pleading, usually the complaint, that was filed in the state court action. 28 U.S.C. § 1446(b). The present action attempting to remove the state court action to federal court appears to have been filed after the entry of the judgment in state court which, presumably, is well after the thirty day limitation period for removing such matters.

3. A notice of removal based on diversity jurisdiction must allege that the amount in controversy relating to the plaintiff's claim exceeds the required jurisdictional amount. Local Rule 81.1(b)(1). While the present pleadings include a

"Notice of Removal" that is purportedly based on diversity jurisdiction, no allegation of the amount in controversy is made in that notice. The state court judgment appears to be a judgment for possession of real property only, with no amount of damages in controversy.

Simply, because Latimer's initial filings failed to establish that this Court has subject matter jurisdiction and she has failed to respond to the Amended Order to Show Cause, there is no evidence in the record showing that this Court has subject matter jurisdiction over any controversy in this matter. Latimer has failed to meet her burden to establish that this Court has jurisdiction and thus, remand is appropriate. *See e.g. Nyamusevya v. Medical Mutual of Ohio*, 2002 W.L. 193590, *1 (S.D. Ohio 2002) (Remand to state court ordered after defendant failed to respond to order to show cause.); *Ferrell v. Tennessee*, 2007 W.L. 470416, *1 (E.D. Tenn. 2007) (Complaint dismissed for failure to serve defendant after plaintiff failed to respond to order to show cause.).

### III. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that this matter be **REMANDED** to state court for want of subject matter jurisdiction.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule

72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), a copy of any objections must be served on this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed twenty (20) pages in length unless such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

|  |  |
|---|---|
| Date: April 24, 2008 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

# **CERTIFICATE OF SERVICE**

      I hereby certify that on April 24, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: not applicable and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Shorelle Latimer, 7698 Faust Ave., Detroit, MI 48228-3455, Donald J. King, 30400 Telegraph Road, Suite 200, Bingham Farms, MI 48025.

                                          s/James P. Peltier
                                          Courtroom Deputy Clerk
                                          U.S. District Court
                                          600 Church Street
                                          Flint, MI 48502
                                          (810) 341-7850
                                          pete_peltier@mied.uscourts.gov